**WO**  RP
**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry L. Moore,<br><br>            Plaintiff,<br><br>vs.<br><br>Unknown Parties,<br><br>            Defendant. | No. CV 09-2595-PHX-GMS (JRI)<br><br>**ORDER** |

Pending before the Court is Plaintiff's new Application to Proceed *In Forma Pauperis* (Doc. #9). The Court will deny the Application to Proceed and dismiss the Complaint and this action without prejudice.

**I.     Procedural Background**

On December 11, 2009, Plaintiff Larry L. Moore, who is confined in the Arizona State Prison Complex-Safford, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). Plaintiff did not pay the $350.00 civil action filing fee but filed a deficient Application to Proceed *In Forma Pauperis* (Doc. #3). By Order filed December 22, 2009 (Doc. #4), the Court denied the Application to Proceed *In Forma Pauperis* without prejudice and gave Plaintiff 30 days to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from the Central Office of the Arizona Department of Corrections (ADOC).

On December 31, 2009, Plaintiff filed a second Application to Proceed *In Forma*

1 *Pauperis* (Doc. #5) and an "Inmate Account Statement" (Doc. #6). Although Plaintiff filed the second Application to Proceed *In Forma Pauperis* on the court-approved form, Plaintiff's Application to Proceed was deficient because the "Inmate Account Statement" filed with the Application to Proceed did not appear to have been generated by the ADOC's Central Office, as required. Indeed, it was evident that the "Inmate Account Statement" was generated by the Maricopa County Sheriff's Office. Also, the "Inmate Account Statement" did not cover the six months preceding the filing of the Complaint and had not been signed by an authorized officer of the ADOC, as required.[1]

Accordingly, by Order filed April 1, 2010 (Doc. #8), Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #5) was denied without prejudice and Plaintiff was granted one last chance to correct the deficiency. Plaintiff was given 30 days from the filing date of the Order to pay the $350.00 filing fee or file a completed, certified Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement from the ADOC's Central Office that covers the six-month period immediately preceding the filing of the Complaint.

**II.     New Application to Proceed is Deficient**

On April 9, 2010, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #9). Although Plaintiff has filed the Application to Proceed *In Forma Pauperis* on the court-approved form, Plaintiff's Application to Proceed is deficient because Plaintiff has yet again failed to file a certified six-month trust account statement from the **ADOC's Central Office** that covers the six-month period immediately preceding the filing of the Complaint.

In light of this deficiency, Plaintiff's new Application to Proceed *In Forma Pauperis* (Doc. #9) will be denied.

---

[1] The "Inmate Account Statement" covered the period of time from January 24, 2009, until August 11, 2009. However, Plaintiff's Complaint (Doc. #1) was not filed until December 11, 2009, almost five months after the date of the "Inmate Account Statement."

- 2 -

### III. Failure to Comply with Court Order

In dismissing Plaintiff's previous Application to Proceed *In Forma Pauperis* (Doc. #5) without prejudice, the Court stated in its April 1, 2010 Order (Doc. #8) that it was granting Plaintiff "**one last chance** to correct the deficiency." Additionally, the Court specifically cautioned Plaintiff that if he failed to timely comply with every provision of the Order, including the warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

By filing a new Application to Proceed *In Forma Pauperis* (Doc. #9) that does not include a certified six-month trust account statement from the ADOC's Central Office, Plaintiff has failed to comply with the Court's April 1, 2010 Order (Doc. #8).

### IV. Dismissal of Complaint and Action

For the above reasons, Plaintiff's Complaint (Doc. #1) and this action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order filed April 1, 2010 (Doc. #8).

**IT IS ORDERED:**

(1) Plaintiff's new Application to Proceed *In Forma Pauperis* (Doc. #9) is **denied**.

(2) The Complaint (Doc. #1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order filed April 1, 2010 (Doc. #8).

(3) The Clerk of Court **must enter judgment** accordingly.

(4) The docket **must reflect** that the Court **certifies**, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 4th day of June, 2010.

G. Murray Snow
United States District Judge